**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4062**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY RASHUN THOMPSON, a/k/a G,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, Chief District Judge.  (6:23-cr-00448-TMC-2)

Submitted:  May 26, 2026                              Decided:  June 1, 2026

Before NIEMEYER, KING, and HEYTENS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Rashun Thompson seeks to appeal the district court's judgment imposing a sentence within his Guidelines range after he pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine, and fentanyl, in violation of 21 U.S.C. § 846. In his plea agreement, Thompson waived the right to challenge his conviction or sentence in any direct appeal, except for claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect his sentence.

On appeal, Thompson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but asserting challenges to his appeal waiver and the district court's sentencing procedure. The Government has moved to dismiss the appeal as barred by Thompson's appeal waiver. Thompson opposes the motion. We dismiss in part and affirm in part.

"We have consistently held that appellate waivers in valid plea agreements are enforceable." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). But, there is "a 'narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights.'" *United States v. Moran*, 70 F.4th 797, 802 n.3 (4th Cir. 2023).

"For example, [n]o appeal waiver . . . can bar a defendant's right to challenge his sentence as outside a statutorily prescribed maximum or based on a constitutionally impermissible factor such as race." *United States v. Toebbe*, 85 F.4th 190, 202 (4th Cir.

2

2023) (internal quotation marks omitted). "In such circumstances, we have explained, 'the errors allegedly committed by the district courts were errors that the defendants could not have reasonably contemplated when the plea agreements were executed.'" *Id*. Moreover, "the existence of such a waiver does not bar our review of the validity of the guilty plea and plea waiver." *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023).

We review the validity and effect of an appeal waiver de novo. *United States v. Lubkin*, 122 F.4th 522, 526 (4th Cir. 2024). "Where 'there is no claim that the United States breached its obligations under the plea agreement,' we enforce an appeal waiver if the record shows (1) 'that the waiver is valid' and (2) 'that the issue being appealed is within the scope of the waiver.'" *Id*. "An appeal waiver is valid 'if the defendant's agreement to the waiver was knowing and intelligent.'" *Id*.

"We look at the 'totality of the circumstances,' including the clarity of the waiver's text and 'whether the district court sufficiently explained the waiver' at the defendant's 'plea colloquy.'" *Id*. "In 'the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver.'" *Id*. "We use traditional principles of contract law to determine whether an issue falls within the scope of a valid waiver." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023).

Upon our review of the record, we conclude that Thompson's appeal waiver is valid; his challenges to the waiver are without merit; and his sentencing procedure claim falls within the scope of the waiver. Pursuant to *Anders*, we have also reviewed the record for any potentially meritorious issues falling outside the waiver and have found none.

3

Accordingly, we grant the Government's motion to dismiss the appeal in part and affirm the district court's judgment in part.  This court requires that counsel inform Thompson, in writing, of his right to petition the Supreme Court of the United States for further review.  If Thompson requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Thompson.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*